# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13-cv-586-FDW

| | |
|---|---|
| ALLEN WAYNE POSTON, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| ROBERT CONRAD, JR. Judge, <u>et al.</u>, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of the complaint filed by Plaintiff which seeks monetary, compensatory and other damages following his successful criminal prosecution in this district.[1] For the reasons that follow, this action will be dismissed.

## I. BACKGROUND

For a roughly five-year period from September 2004 to November 2009, Plaintiff Allen Wayne Poston engaged in a fraudulent investment scheme wherein he solicited investments in an alleged financial settlement stemming from a fire sustained on his property. (Case No. 3:09-cr-239-RJC, Doc. No. 14 at 3: Presentence Report (PSR)). Poston's property was located in Cherryville, North Carolina, and he operated a garden nursery there. (<u>Id.</u>). In 1999, a building on the property sustained damage in a fire. (<u>Id.</u>). Poston later filed litigation in this Court, stemming from various insurance claims related to the fire damage. (<u>Id.</u>).

On September 19, 2003, this Court, the Honorable Graham C. Mullen presiding, dismissed each of Poston's claims. (<u>Id.</u>). Poston then convinced several individuals to invest in

---

[1] As will be explained below, to the extent that Plaintiff names federal officers and employees, the Court finds that Plaintiff's complaint is brought pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

1

the proceeds of what he falsely represented would be a significant financial settlement resulting from the insurance litigation. (Id. at 3-4). Poston fraudulently obtained a total of around $1.2 million from the victims of his fraudulent scheme. (Id. at 4).

On December 21, 2009, Poston entered into a written plea agreement with the Government, agreeing to plead guilty to wire fraud and aiding and abetting the same, in violation of 18 U.S.C. §§ 1343 and 2. (Id., Doc. No. 2: Plea Agreement). The Bill of Information filed by the Government alleged, in part, that "[f]rom in or about September, 2004 through in or about November, 2009, in furtherance of the scheme and artifice to defraud, POSTON made false and fraudulent representations to individuals concerning fictitious Fox Creek Fire litigation and as a result fraudulently obtained approximately $1,036,789," and that "POSTON routinely conducted telephone calls and financial transactions in interstate commerce in furtherance of the scheme." (Id., Doc. No. 1 at 2: Bill of Information).

In his plea agreement, Petitioner admitted that he was in fact guilty as charged in the information, and he stipulated that there was a factual basis for his plea and that the Court may later rely on the offense conduct in the presentence report to establish that factual basis at sentencing. (Id., Doc. No. 2 at 1; 5: Plea Agreement). In exchange for the concessions made by the Government, Petitioner also agreed to waive his rights to appeal or collaterally attack his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at 6).

On October 26, 2010, Magistrate Judge David C. Keesler conducted a Rule 11 hearing and plea colloquy. See (Id., Doc. No. 21: Rule 11Tr.). Judge Keesler confirmed that the parties had entered into a plea agreement and, after having the Government summarize the key provisions of the agreement Judge Keesler confirmed that Petitioner understood and agreed to

the terms. (Id. at 13-18). During the plea hearing, Petitioner swore that he understood the charge to which he was pleading guilty, that he had discussed the case and any potential defenses with his attorney, and that he was in fact guilty of the charge alleged in his Bill of Information. (Id., Doc. No. at 9-13). At the conclusion of the hearing, Judge Keesler accepted Petitioner's guilty plea as having been knowingly and voluntary made. (Id. at 20).

In preparation for Petitioner's sentencing hearing, the probation officer prepared a Presentence Report ("PSR"). (Id., Doc. No. 1: PSR Draft). The probation officer calculated an adjusted offense level of 25, based on a loss amount of more than $1 million but less than $2.5 million and the fact that at least one of the victims was an elderly, vulnerable victim. (Id., Doc. No. at 5: PSR). The probation officer then decreased Petitioner's offense level three levels for acceptance of responsibility, resulting in a total offense level of 22. (Id. at 5). When coupled with Petitioner's criminal history category of I, the resulting advisory guidelines range of imprisonment was 41 to 51 months. (Id. at 11).

Before sentencing, Petitioner filed a motion to withdraw his guilty plea, which this Court denied based on its conclusion that Petitioner failed to present credible evidence that his plea was not voluntary or that he was legally innocent. (Id., Doc. No. 23: Motion to Withdraw Guilty Plea; Doc. No. 32 at 4-5: Order Denying Motion to Withdraw Guilty Plea). In response to Petitioner's unsuccessful motion to withdraw his guilty plea, the probation officer submitted a revised PSR which removed the three-level reduction in Petitioner's offense level for acceptance of responsibility. (Id., Doc. No. 33 at 5; 15). The revised guidelines range of imprisonment was 57 to 71 months, based on a total offense level of 25 and a criminal history category I. (Id. at 11).

The Court, the Honorable Robert J. Conrad, Jr. presiding, conducted Petitioner's

sentencing hearing on March 16, 2011. At sentencing, the Court found that there was a factual basis to support Petitioner's guilty plea based on the offense conduct as set forth in the PSR. (Id., Doc. No. 48: Sentencing Tr. at 3). The Court also adopted the revised guidelines range of 57 to 61 months set forth in the PSR, and concluded that Petitioner was not entitled to a reduction for acceptance of responsibility based on his late assertion of innocence in his motion to withdraw. (Id. at 7). After examining the sentencing factors in 18 U.S.C. § 3553(a), however, the Court varied downward from the advisory range and imposed a sentence of 48 months, which "would have been in the high end of the otherwise applicable guideline range." (Id. at 25).

Judgment was entered on March 17, 2011. See (Id., Doc. No. 35: Judgment; Doc. No. 36: Statement of Reasons). Petitioner appealed, raising an ineffective assistance of counsel claim, and on February 3, 2012, the Fourth Circuit Court of Appeals affirmed the judgment. United States v. Poston, 463 F. App'x 211 (4th Cir. 2012).

On September 25, 2012, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, therein raising three claims: (1) ineffective assistance of counsel based on counsel's failure to challenge the aiding and abetting language in the indictment; (2) ineffective assistance of counsel and prosecutorial misconduct based on Petitioner's contention that the applicable statute of limitations barred the Government from prosecuting Petitioner on the wire fraud charge; and (3) failure to allege all of the essential elements of wire fraud in the Bill of Information. The Court denied and dismissed Petitioner's Section 2255 motion after concluding that it was without merit, and the clerk entered judgment on March 22, 2013. (Case No. 3:12-cv-635-RJC, Doc. Nos. 10, 11). Petitioner's appealed from this judgment and his appeal is still pending before the Fourth Circuit as of November 5, 2013. Poston v. United States, No. 13-6562 (4th Cir. filed Apr. 11, 2013).

On August 12, 2013, the Clerk docketed a second § 2255 motion. (Case No. 3:13-cv-459-RJC, Doc. No. 1). In this motion, Petitioner raises claims of champerty, maintenance, barretry (Ground one); miscarriage of justice/prosecutorial misconduct (Ground two); ineffective assistance of counsel (Ground three); and actual innocence (Ground four). As of November 5, 2013, this matter is still pending.

## II. DISCUSSION

On October 21, 2013, Plaintiff Allen Wayne Poston filed the present action wherein he contends that the trial court and its officers conspired to coerce him into signing a plea agreement with the Government in his criminal case in Case No. 3:09-cr-239-RJC-1. In sum, Poston contends that "[t]hrough their deceit, they constructed a fraud and induced said plea." (3:13-cv-586-FDW, Doc. No. 1 at 3). Poston offers allegations regarding threats from federal agents involved in his prosecution, challenges to the sufficiency of the evidence relied upon to charge and convict him, and misconduct by the district court and officers of the court which he contends led to his prosecution and eventual conviction. This conduct, as Poston maintains, violated his civil rights and his "sacred Constitutional Rights." (3:13-cv-586, Doc. No. 1 at 8). Poston seeks monetary and compensatory damages for "the illegal incarceration of an Innocent Man. (Id. (emphasis in original)).

It is well-settled under the principles announced by the Supreme Court in Heck v. Humphrey that a plaintiff cannot receive damages or equitable relief through a Bivens action for an allegedly unconstitutional conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus. 512 U.S. 477, 486-87 (1994). See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (noting that Heck applies regardless of the type of relief sought); see also Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that Heck

5

principles applies to both § 1983 and Bivens actions). Thus, the Court must consider whether a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction. If it would, then the Court must dismiss the complaint unless Plaintiff can demonstrate that the conviction has already been terminated. Heck, 512 U.S. at 487.

Plaintiff's argument here, as before the district court in his criminal proceeding, is that his plea was not knowingly and voluntarily entered. Therefore, as Plaintiff would have this Court believe, his conviction is invalid and his present, active sentence of imprisonment is likewise invalid. As previously discussed herein, Poston pled guilty pursuant to a written plea agreement with the Government to one count of wire fraud and aiding and abetting the same, in violation of 18 U.S.C. §§ 1343 and 2. Petitioner moved in the district court to withdraw his guilty plea contending that the plea was not knowing and voluntary because he felt pressured into entering the guilty plea and further, that he suffered a heart attack shortly before he signed the plea agreement. The district court denied his motion to withdraw his guilty plea after concluding that Poston had failed to demonstrate a fair and just reason under Fed. R. Crim. P. 11(d). (3:09-cr-239-RJC-1, Doc. No. 32: Order denying Motion to Withdraw). On March 17, 2011, Poston was sentenced to 48-months' active imprisonment and his conviction and sentence were affirmed on appeal to the Fourth Circuit on February 3, 2012; Poston did not file a petition for a writ of certiorari with the Supreme Court of the United States. Next, Petitioner filed a § 2255 motion and raised various claims challenging his criminal judgment. This motion was denied and dismissed and this disposition in presently on appeal to the Fourth Circuit.

### III. CONCLUSION

Based on the foregoing, it is plain that Plaintiff cannot make a showing that his conviction has been set aside or otherwise called into question, therefore his claim for monetary

6

relief, compensatory relief, equitable relief or any other relief related to his conviction must be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED.** (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

Signed: November 6, 2013

Frank D. Whitney
Chief United States District Judge